

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
:
JOHNSON & JOHNSON AND LIFESCAN,      :
INC.,                                                                  :    08 Civ. 1297 (SLT)
:
                                    Plaintiffs,              :
:    CONSENT JUDGMENT AND
            - against -                                        :    PERMANENT INJUNCTION
:
SOUTH POINTE WHOLESALE, INC.,          :    FILED UNDER SEAL
ET. AL.,                                                         :    PURSUANT TO 15 U.S.C. § 1116
:
:
                                    Defendants.           :
----------------------------------------------------------- x

On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc., (together, "Plaintiffs") and Defendants HealthSource Distributors and Jerry L. Wolasky(collectively, the "HealthSource Defendants"), it hereby is ORDERED, ADJUDGED AND DECREED:

1.   The HealthSource Defendants shall pay to the Plaintiffs six hundred thousand dollars ($600,000.00).

2.   The HealthSource Defendants and their agents, servants, employees, affiliates, subsidiaries, and all other persons in active concert and participation with them are permanently enjoined from:

(a)   using any of the OneTouch Marks, on any product whether genuine, counterfeit or re-packaged, or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of OneTouch blood glucose test strips (the OneTouch Marks are LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos.

1,484,999; 2,710,143), ONE TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626));

(b) using any logo, trade name or trademark confusingly similar to any of the OneTouch Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of the HealthSource Defendants or of others are sponsored by, authorized by or in any way associated with Plaintiffs;

(c) infringing any of the OneTouch Marks;

(d) otherwise unfairly competing with Plaintiffs in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of OneTouch blood glucose test strips;

(e) falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that they are associated with Plaintiffs;

(f) using any reproduction, counterfeit, copy, or colorable imitation of any of the OneTouch Marks in connection with the publicity, promotion, sale, or advertising of blood glucose test strips;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being OneTouch blood glucose test strips and from offering such goods in commerce;

(h) diluting any of the OneTouch Marks;

KL3 2656227.2

  (i) except as hereinafter authorized, buying or selling any products with the OneTouch Marks;

  (j) destroying any records documenting the manufacture, sale, offer for sale, distribution, advertisement or receipt of any product purporting to be OneTouch blood glucose test strips; and

  (k) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

  3. Nothing contained in this Consent Judgment And Permanent Injunction is or shall be construed to constitute an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by the HealthSource Defendants. Further, it is expressly understood and acknowledged that the HealthSource Defendants maintain that they did not know and had no reason to know that any of the OneTouch products that they purchased and thereafter sold were other than genuine, and the HealthSource Defendants maintain that they made reasonable efforts to ensure that the OneTouch products they purchased and resold were genuine.

  4. In addition to other remedies, including damages, for contempt of this Consent Judgment, in the event of breach or violation by the HealthSource Defendants, their agents, servants, employees, affiliates, subsidiaries, or any other persons in active concert and participation with them of the terms of this Consent Judgment, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Plaintiffs and the HealthSource Defendants each agree that jurisdiction and venue for such an action exist in this District Court,

KL3 2656227.2

and the HealthSource Defendants waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

5. Notwithstanding anything herein to the contrary, it is expressly agreed and understood that until July 30, 2008, the HealthSource Defendants are permitted and may resell OneTouch test strips that were seized by the Plaintiffs and thereafter returned by Plaintiffs to the HealthSource Defendants.

6. Notwithstanding Paragraph 2, above, the HealthSource Defendants and their agents, servants, employees, affiliates, subsidiaries, and all other persons in active concert and participation with them shall be permitted to purchase and sell any products with the OneTouch Marks they directly purchased from LifeScan or an authorized distributor, so long as such distributor is listed on Johnson and Johnson's published list of authorized distributors, currently available at the website, http://www.jnjgateway.com, as an authorized distributor at the time of the HealthSource Defendants' purchase.

7. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against the HealthSource Defendants without costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to the HealthSource Defendants. A prevailing party, in addition to any award of damages or injunctive

relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

    8.    Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: June 6, 2008

CONSENTED AND AGREED TO BY:

                              Jerry Wolasky

                              By: Jerry Wolasky

                              HealthSource Distributors, LLC

                              By: Jerry Wolasky

| KRAMER LEVIN NAFTALIS & FRANKEL LLP | MEISSNER, KLEINBERG & FINKEL |
|---|---|
| By: _____ <br> Geoffrey Potter (GP-8073) <br> Christos Yatrakis (CY-0254) <br> 1177 Avenue of the Americas <br> New York, New York 10036 <br> (212) 715-9100 <br> Attorneys for Plaintiffs | By: _____ <br> Richard A. Finkel (RF-0851) <br> 275 Madison Avenue <br> New York, NY 10016 <br> Tel: 212-689-8600 <br> Attorneys for HealthSource Defendants |

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

KL3 2656227.2

relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

8. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: June 6, 2008

CONSENTED AND AGREED TO BY:

Jerry Wolasky

By: Jerry Wolasky

HealthSource Distributors, LLC

By: Jerry Wolasky

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Geoffrey Potter (GP-8073)
Christos Yatrakis (CY-0254)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Attorneys for Plaintiffs

MEISSNER, KLEINBERG & FINKEL

By: _____
Richard A. Finkel (RAF-0851)
275 Madison Avenue
New York, NY 10016
Tel: 212-689-8600
Attorneys for HealthSource Defendants

SO ORDERED: July 3, 2008

s/Sandra Townes
UNITED STATES DISTRICT JUDGE

KL3 2656227.2

- 5 -