UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
x------------------------------------------------------------x
JOHNSON & JOHNSON AND LIFESCAN, INC., :
: 08 Civ. 1297 (SLT) (SMG)
       Plaintiffs, :
: **ANSWER TO STERLING**
 - against - : **DISTRIBUTORS'**
: **CROSS-CLAIMS**
SOUTH POINTE WHOLESALE, INC. et al. :
:
       Defendants. :
x------------------------------------------------------------x

  Defendants Stephen Herman, Jerrold Herman, Robert B. Botwinick and Product Performance Company, Inc. ("Product Performance") (collectively, the "Answering Defendants"), by their undersigned attorneys, Tashjian & Padian, as and for their Answer to the cross-claims contained in paragraphs 739-792 of the June 22, 2009 Answer, Defenses and Affirmative Defenses to Plaintiffs' Sixth Amended Complaint with Counterclaims and Cross-claims (the "Cross-Claims") of co-defendant Sterling Distributors, respond as follows:

  1. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 697-712 of the Cross-Claims.

  2. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 740 of the Cross-Claims.

  3. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 741 of the Cross-Claims.

4. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 742 of the Cross-Claims.

5. The Answering Defendants deny the allegations in paragraph 743 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 743 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

6. The Answering Defendants deny the allegations in paragraph 744 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 744 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

7. In response to the allegations set forth in paragraph 745 of the Cross-Claims, the Answering Defendants aver that they did not sell the products in question to Sterling Distributors and deny that the Answering Defendants had any duty to notify, discuss or represent to Sterling Distributors that the products in question were counterfeit or were infringing of registered trademarks, if indeed the products were counterfeit or infringing of registered trademarks. The Answering Defendants otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 745 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

8. The Answering Defendants deny the allegations in paragraph 746 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 746 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

9. The Answering Defendants deny the allegations in paragraph 747 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 747 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

10. The Answering Defendants deny the allegations in paragraph 748 of the Cross-Claims that the Answering Defendants are liable to Sterling Distributors for indemnity or contribution and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 748 of the Cross-Claims.

11. The Answering Defendants repeat and reallege paragraphs 1-10 above as though more fully set forth herein in response to paragraph 749 of the Cross-Claims.

12. In response to the allegations set forth in paragraph 750 of the Cross-Claims, the Answering Defendants admit that Product Performance was and is a merchant that regularly sells and distributes authentic diabetic test strips. The Answering Defendants deny the allegations set forth in paragraph 750 of the Cross-Claims as to the remaining Answering Defendants, and deny having knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in paragraph 750 of the Cross-Claims as to the remaining Cross-Claim Defendants.

13. Paragraphs 751 and 752 of the Cross-Claims are statements of law, for which no response is required. To the extent that paragraphs 751 and 752 of the Cross-Claims do contain allegations of fact, the Answering Defendants deny such allegations as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraphs 751 and 752 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

14. The Answering Defendants deny the allegations in paragraph 753 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 753 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

15. The Answering Defendants deny the allegations in paragraph 754 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 754 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

16. The Answering Defendants deny the allegations in paragraph 755 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining

allegations set forth in paragraph 755 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

17. The Answering Defendants deny the allegations in paragraph 756 of the Cross-Claims as they pertain to the Answering Defendants and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 756 of the Cross-Claims as they pertain to the remaining Cross-Claim Defendants.

18. The Answering Defendants repeat and reallege paragraphs 1-17 above as though more fully set forth herein in response to paragraph 757 of the Cross-Claims.

19. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 758 of the Cross-Claims.

20. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 759 of the Cross-Claims.

21. The Answering Defendants deny the allegations set forth in paragraph 760 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 760 of the Cross-Claims as they pertain to co-defendants Med-Health Direct, Inc. ("Med-Health") and/or Christopher Hattenbach.

22. The Answering Defendants deny the allegations set forth in paragraph 761 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 761 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

23.     The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 762 of the Cross-Claims.

24.     The Answering Defendants deny the allegations set forth in paragraph 763 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 763 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

25.     The Answering Defendants repeat and reallege paragraphs 1-24 above as though more fully set forth herein in response to paragraph 764 of the Cross-Claims.

26.     The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 765 of the Cross-Claims.

27.     The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 766 of the Cross-Claims.

28.     The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 767 of the Cross-Claims.

29.     The Answering Defendants deny the allegations set forth in paragraph 768 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 768 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

30. In response to the allegations set forth in paragraph 769 of the Cross-Claims, the Answering Defendants aver that Robert B. Botwinick did not sell the products in question to Sterling Distributors and deny that Robert B. Botwinick had any duty to notify Sterling Distributors of the counterfeit or infringing nature of the test strips at issue, if indeed the products were counterfeit or infringing of registered trademarks. The Answering Defendants otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 769 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

31. The Answering Defendants deny the allegations set forth in paragraph 770 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 770 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

32. The Answering Defendants deny the allegations set forth in paragraph 771 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 771 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

33. The Answering Defendants deny the allegations set forth in paragraph 772 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 772 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

34. The Answering Defendants deny the allegations set forth in paragraph 773 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 773 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

35. The Answering Defendants deny the allegations set forth in paragraph 774 of the Cross-Claims as they pertain to Robert B. Botwinick and deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 774 of the Cross-Claims as they pertain to co-defendants Med-Health and/or Christopher Hattenbach.

36. The Answering Defendants repeat and reallege paragraphs 1-35 above as though more fully set forth herein in response to paragraph 775 of the Cross-Claims.

37. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 776 of the Cross-Claims.

38. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 777 of the Cross-Claims.

39. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 778 of the Cross-Claims.

40. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 779 of the Cross-Claims.

41. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 780 of the Cross-Claims.

42. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 781 of the Cross-Claims.

43. The Answering Defendants repeat and reallege paragraphs 1-42 above as though more fully set forth herein in response to paragraph 782 of the Cross-Claims.

44. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 783 of the Cross-Claims.

45. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 784 of the Cross-Claims.

46. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 785 of the Cross-Claims.

47. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 786 of the Cross-Claims.

48. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 787 of the Cross-Claims.

49. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 788 of the Cross-Claims.

50. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 789 of the Cross-Claims.

51. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 790 of the Cross-Claims.

52. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 791 of the Cross-Claims.

53. The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 792 of the Cross-Claims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. Sterling Distributors' Cross-Claims fail to state a claim against the Answering Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. Sterling Distributors' Cross-Claims against the Answering Defendants fail because, upon information and belief, some or all of the products at issue are not counterfeit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Any alleged loss or damage sustained by Sterling Distributors in connection with the transactions and occurrences alleged in the Cross-Claims were the result of Sterling Distributors' own acts, omissions and negligence, or were caused by the conduct and activities of persons or firms for whose acts, conduct and activities the Answering Defendants are not responsible.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Sterling Distributors' Cross-Claims against the Answering Defendants are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Sterling Distributors' Cross-Claims against the Answering Defendants are barred by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. Sterling Distributors' Cross-Claims against the Answering Defendants are barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60.     Sterling Distributors' Cross-Claims against the Answering Defendants are barred by license, consent, acquiescence and/or waiver.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61.     Sterling Distributors have failed to mitigate damages, if any, and to the extent of this failure to mitigate, any judgment or relief awarded to Sterling Distributors should be reduced or barred accordingly.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62.     Sterling Distributors' Cross-Claims against the Answering Defendants are barred, in whole or in part, on the grounds that Sterling Distributors has not been damaged by the actions of the Answering Defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

63.     Any damages that Sterling Distributors may be entitled to are offset by their comparative fault or assumption of risk.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

64.     Sterling Distributors' Cross-Claims against the Answering Defendants fail because Sterling Distributors lacks privity with the Answering Defendants.

WHEREFORE, the Answering Defendants demand judgment as follows:

(a)     Dismissing Sterling Distributors' Cross-Claims in their entirety as against the Answering Defendants;

(b)     awarding to the Answering Defendants the costs and disbursements of this action; and

(c) for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
September 25, 2009

Respectfully submitted,

TASHJIAN & PADIAN

By: _____
Gerald Padian (GP 1581)
15 West 36th Street
New York, New York 10018
(212) 319-9800
gpadian@tashpad.com
*Attorneys for Defendants
Product Performance
Company, Inc., Jerrold
Herman, Stephen Herman
and Robert B. Botwinick*

TO: Service List

-13-