UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
x------------------------------------------------------------x
JOHNSON & JOHNSON AND LIFESCAN, INC., :
                                                          :    08 Civ. 1297 (SLT) (SMG)
                   Plaintiffs,     :

                                                          :    **ANSWER TO THE**
           - against -                  :    **CROSS-CLAIMS OF**
                                                            :    **CO-DEFENDANTS**
SOUTH POINTE WHOLESALE, INC. et al.   :    **STERLING**
                                                            :    **WHOLESALE, LLC and**
                   Defendants.     :    <u>**JEFFREY B. LITTMAN**</u>
x------------------------------------------------------------x

        Defendant Stephen Herman, Jerrold Herman, Robert B. Botwinick and Product Performance Company, Inc. ("Product Performance") (collectively, the "Answering Defendants"), by their undersigned attorneys, Tashjian & Padian, as and for their Answer to the cross-claims contained in the September 18, 2009 Answer to Sixth Amended Complaint with Cross Complaints (the "Cross-Claims") of co-defendants Sterling Wholesale, LLC ("Sterling Wholesale") and Jeffrey B. Littman (collectively, the "Sterling Wholesale Defendants") respond as follows:

### AS AND FOR THE STERLING WHOLESALE DEFENDANTS' FIRST CROSS COMPLAINT <u>OVER AND AGAINST THE CO-DEFENDANTS</u>

    1.     The Answering Defendants deny the allegations set forth in the First Cross Complaint of the Cross-Claims.

### AS AND FOR THE STERLING WHOLESALE DEFENDANTS' SECOND CROSS COMPLAINT <u>OVER AND AGAINST THE CO-DEFENDANTS</u>

    2.     The Answering Defendants deny the allegations set forth in the Second Cross Complaint of the Cross-Claims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. The Sterling Wholesale Defendants' Cross-Claims fail to state a claim against the Answering Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants fail because, upon information and belief, some or all of the products at issue are not counterfeit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. Any alleged loss or damage sustained by the Sterling Wholesale Defendants in connection with the transactions and occurrences alleged in the Cross-Claims were the result of the Sterling Wholesale Defendants' own acts, omissions and negligence, or were caused by the conduct and activities of persons or firms for whose acts, conduct and activities the Answering Defendants is not responsible.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants are barred by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants are barred by the doctrine of unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

9. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants are barred by license, consent, acquiescence and/or waiver.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

10. The Sterling Wholesale Defendants have failed to mitigate damages, if any, and to the extent of this failure to mitigate, any judgment or relief awarded to the Sterling Wholesale Defendants should be reduced or barred accordingly.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

11. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants are barred, in whole or in part, on the grounds that Sterling Wholesale Defendants have not been damaged by the actions of the Answering Defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

12. Any damages that the Sterling Wholesale Defendants may be entitled to are offset by their comparative fault or assumption of risk.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

13. The Sterling Wholesale Defendants' Cross-Claims against the Answering Defendants fail because the Sterling Wholesale Defendants lack privity with the Answering Defendants.

WHEREFORE, the Answering Defendants demand judgment as follows:

(a) Dismissing the Sterling Wholesale Defendants' Cross-Claims in their entirety as against the Answering Defendants;

(b) awarding to the Answering Defendants the costs and disbursements of this action; and

    (c)  for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
    September 25, 2009

                 Respectfully submitted,

                 TASHJIAN & PADIAN

                By: _____
                Gerald Padian (GP 1581)
                15 West 36th Street
                New York, New York 10018
                (212) 319-9800
                gpadian@tashpad.com
                *Attorneys for Defendants Product Performance Company, Inc., Jerrold Herman, Stephen Herman and Robert B. Botwinick*

TO:  Service List