# TASHJIAN & PADIAN
ATTORNEYS AT LAW
15 WEST 36TH STREET
NEW YORK, NEW YORK 10018

TELEPHONE: (212) 319-9800
FACSIMILE: (212) 319-9883
NOT FOR SERVICE OF LITIGATION PAPERS

NEWARK, NEW JERSEY
WEB: http://www.tashpad.com
E-MAIL: info@tashpad.com

September 29, 2009

VIA ECF
Hon. Steven M. Gold
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1217
Brooklyn, New York 11201

   Re: Johnson & Johnson, et al. v. Product Performance
     Company, Inc., et al. Docket No. 08 Civ. 1297 (SLT)

Dear Judge Gold:

  We write on behalf of the defendants Product Performance Company, Inc., Jerrold Herman, Stephen Herman and Robert B. Botwinick (collectively, the "Product Performance Defendants") in reply to the September 28, 2009 letter of Geoffrey Potter, counsel for Plaintiffs Johnson & Johnson and Lifescan, Inc. (together, "Plaintiffs"). Plaintiffs' letter highlights the Product Performance Defendants' need for Plaintiffs' complete sales and pricing information as they continue to use their "list price" as the basis for damages despite the fact that they and their authorized distributors routinely offer discounts and rebates to the retailers, thereby grossly overstating their damages claim.

  Our initial letter of July 30, 2009 set forth the Product Performance Defendants' argument that they are entitled to documents from Plaintiffs that may corroborate their good faith intent when purchasing the subject OneTouch because Plaintiffs routinely sold U.S.-labeled OneTouch at prices lower than the wholesale advertised or "list" cost, and lower than those prices at which Defendants purchased it from abroad. In opposition to this argument, Plaintiffs matter-of-factly assert that such documents are not necessary because "[t]he retailers who purchased OneTouch Ultra retail product from the defendants all paid list price when they purchased the product directly from LifeScan or from a LifeScan authorized distributor, which were also always charged list price."

  This assertion is demonstrably false. For example, attached hereto as Exhibit A is a January 17, 2007 invoice produced by non-party Ahold Financial Service ("Ahold"), which also bought from the Product Performance Defendants' customer Healthsource, LLC. This invoice shows that Ahold bought OneTouch Ultra strips in U.S. packaging from Valley Drug Company South for $78.92 per box of 100-count OneTouch Ultra at a time when the list price according to

TASHJIAN & PADIAN
ATTORNEYS AT LAW

The Hon. Steven M. Gold
September 29, 2009
Page 2 of 2

Plaintiffs was $81 per box.[1] As Valley Drug Company was supposedly an authorized distributor of Plaintiffs at the time, this document certainly refutes the Plaintiffs' statement that the retailers that purchased the subject goods from the defendants all paid list price when they purchased it from an authorized distributor and further demonstrates that Plaintiffs' sales and pricing records are material and relevant to the issue of damages.

In addition, the Amended Initial Disclosure provided by Plaintiffs does nothing to resolve the issues we raised in our prior letter. In fact, the Amended Initial Disclosure only raises further questions, as Plaintiffs still have not provided a calculation of damages but instead assert a total damages figure that does not bear any apparent correlation to the quantities of the subject product that the Product Performance Defendants are alleged in the Sixth Amended Complaint to have bought and sold.

For the reasons set forth above, the Product Performance Defendants maintain the position set forth in the July 30, 2009 letter to Your Honor.

Respectfully yours,

Gerald Padian

cc:   Service List (via e-mail)

---

[1] As this document has been designated "Confidential" pursuant to a Confidentiality Agreement between the Product Performance Defendants and Ahold, Exhibit A will be provided to Your Honor in hard copy for *in camera* review and will not be attached to the copy of this letter filed on the ECF system.