

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOHNSON & JOHNSON, *et al.*,

                     Plaintiffs,

    -against-

SOUTH POINTE WHOLESALE, INC., *et al.*,

                     Defendants.
-------------------------------------------------------------------------x

**ORDER**

08-CV-1297 (SLT)(SMG)

**TOWNES, United States District Judge:**

         In a letter dated October 21, 2009, defendant Edward Letko requests a pre-motion conference, seeking permission to move to dismiss the claims against him on the ground that he has never been served with process. In response to this request, plaintiffs Johnson & Johnson and LifeScan, Inc. represent that they served Mr. Letko at two addresses, including 304 Park Avenue South, Suite 218, New York, New York. Plaintiffs note that defendant American Healthcare Inc. ("AHI") – which is represented by the same law firm as is Mr. Letko – stated that this was Mr. Letko's business address in their Response to Plaintiff's First Set of Interrogatories to AHI, dated June 30, 2009.

         In a reply dated October 29, 2009 (the "Reply"), Mr. Letko's counsel candidly admits that her firm provided the wrong address in response to plaintiffs' interrogatories, but notes that "the response we provide[d] was made on behalf of AHI, not Mr. Letko." Reply at 1. Despite drawing this distinction, Mr. Letko's counsel seeks this Court's permission to withdraw that response. Mr. Letko's counsel continues to seek permission to move to dismiss, stating that her firm notified plaintiff's counsel of its mistake and of Mr. Letko's actual business address on October 2, 2009, but that plaintiff's counsel has not re-served Mr. Letko in the one month since then.

This Court finds it unnecessary to hold a pre-motion conference with respect to this motion. Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice or order that service be made within a specified time.... But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Even assuming that Mr. Letko could establish that he was never served with process, his own Reply establishes good cause for plaintiffs' failure to serve him within 120 days after the complaint was amended to name Letko as a defendant. Accordingly, to avoid engaging in fruitless litigation on this issue, it is hereby

ORDERED that plaintiffs' time to serve defendant Letko is extended to November 16, 2009. On or before that date, plaintiffs shall either serve process on defendant Letko at the Riegelsville, Pennsylvania, business address provided in the Reply or request a waiver of service pursuant to Fed. R. Civ. P. 4(d). It is further

ORDERED that defendant Letko's request to withdraw defendant American Healthcare, Inc.'s Response to Plaintiffs' First Set of Interrogatories is denied, without prejudice to AHI's counsel making such a request before Magistrate Judge Gold.

        s/ SLT
        SANDRA L. TOWNES
        United States District Judge

Dated: November 6, 2009
      Brooklyn, New York

2