**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ JAN - 7 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

JOHNSON & JOHNSON AND LIFESCAN, INC.,

    Plaintiffs,

- against -

SOUTH POINTE WHOLESALE, INC., ET AL.,

    Defendants.

---------------------------------------------------------x

08 Civ. 1297 (SLT) (SMG)

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

    On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc. ("LifeScan"), (together, "Plaintiffs") and Defendants South Pointe Wholesale, Inc., Jarrod Shirley, and Eutre Shirley (collectively, the "South Pointe Defendants"), it hereby is ORDERED, ADJUDGED AND DECREED:

    1.    The South Pointe Defendants and their agents, servants, employees, affiliates, subsidiaries, and all other persons in active concert and participation with them are permanently enjoined from:

    (a)    knowingly infringing or knowingly using in commerce any of the OneTouch Marks on any counterfeit or repackaged product, or any marks confusingly similar thereto, in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of OneTouch blood glucose test strips and meters (the "OneTouch Products"). The OneTouch Marks are defined collectively as LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos. 1,484,999; 2,710,143), ONE

TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626); JOHNSON & JOHNSON (Reg. No. 0,648,450); or

      (b)    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being OneTouch blood glucose test strips and from offering such goods in commerce; and

      (c)    holding themselves out to be an Authorized Distributor of OneTouch Products.

      2.    If the South Pointe Defendants and their agents, servants, employees, affiliates, and subsidiaries choose to purchase any products with the OneTouch Marks, the South Pointe Defendants shall obtain a pedigree signed by the supplier that traces the product back to LifeScan or an Authorized Distributor, as found on www.LifeScan.com, www.jnjgateway.com, or otherwise published by LifeScan, Johnson & Johnson or one of its direct or indirect subsidiaries. The signed pedigree shall include, at a minimum, an unbroken chain of invoices showing the identity of each vendor, lot numbers, product type, and expiration dates.

      3.    The South Pointe Defendants shall retain any records documenting the sale, distribution, receipt or pedigree of any product bearing any of the OneTouch Marks for a period of at least six years.

      4.    Any claims that the South Pointe Defendants may have against any other individual or entity arising out of the South Pointe Defendants' purchase, distribution, advertising, offering for sale and sale in commerce of the products containing the OneTouch Marks are hereby assigned to Plaintiffs.

3686000v.2

5. Nothing contained in this Consent Judgment and Permanent Injunction is or shall be construed to constitute an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by the South Pointe Defendants. Further, it is expressly understood and acknowledged that the South Pointe Defendants maintain that they did not know and had no reason to know that any of the OneTouch products that they purchased and thereafter sold were other than genuine, and the South Pointe Defendants maintain that they made reasonable efforts to ensure that the OneTouch products they purchased and resold were genuine.

6. In addition to other remedies, including damages, for contempt of this Consent Judgment, in the event of breach or violation by the South Pointe Defendants, their agents, servants, employees, affiliates, subsidiaries, or any other persons in active concert and participation with them of the terms of this Consent Judgment, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Plaintiffs and the South Pointe Defendants each agree that jurisdiction and venue for such an action exist in this District Court, and the South Pointe Defendants waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

7. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against the South Pointe Defendants without costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to the South Pointe Defendants. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

3

3686000v.2

8. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: December 10, 2009

CONSENTED AND AGREED TO BY:

JARROD SHIRLEY

Date: 12/10/09

By: Jarrod Shirley

EUTRE SHIRLEY

Date: 12/10/09

By: Eutre Shirley

SOUTH POINTE WHOLESALE, INC.

Date: 12/10/09

By:

PATTERSON BELKNAP WEBB & TYLER LLP

GOODMAN & SAPERSTEIN

By:
Geoffrey Potter
gpotter@pbwt.com
Christos Yatrakis
cyatrakis@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Johnson & Johnson and LifeScan Inc.

By:
Stanley R. Goodman
Gsesq600@aol.com
100 Garden City Plaza, Suite 412-B
Garden City, NY 11530
Telephone: 516 227-2100
Attorneys For South Pointe Wholesale, Inc.,
Jarrod Shirley and Eutre Shirley

SO ORDERED: January 5, 2010

s/ SLT
UNITED STATES DISTRICT JUDGE

4

3686000v.2