# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000   Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

March 18, 2010

**VIA ECF**

Honorable Chief Magistrate Judge Steven Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  *Johnson & Johnson, et al. v. South Pointe Wholesale, et al.*
>      Case No.      :   08 Civ. 1297 (SLT)(SMG)
>      Our File No.  :   11361.00001

Dear Magistrate Judge Gold:

We write on behalf of Dennis Cantor and Novex America Inc. (collectively, "Novex") regarding issues we would like to be addressed at the upcoming conference to be held on March 24, 2010. We primarily have two disputes that we would like to address with the Court.

1. <u>Relief Sought Concerning Plaintiffs' Counsel's Directions Not to Answer</u>

During the depositions of Plaintiffs' witnesses, counsel has directed deponents not to answer various questions, claiming that a November 14, 2008 ruling entitles it to so direct its witnesses. Novex believes that Plaintiffs have misconstrued or misapplied the Court's ruling, and have wrongfully directed their witnesses not to answer questions that are highly relevant to this case. Novex asks the Court to Order that Plaintiffs are precluded from introducing testimony on the issues they refused to address at these depositions, or in the alternative, order that Plaintiffs must re-produce their witnesses to properly respond to questioning.

Rule 30(c)(2) of the Federal Rules of Civil Procedure ("FRCP") states that a witness may be instructed not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2). Plaintiffs have claimed that this rule has been supplemented by a ruling from this Court, which they claim entitles them to direct witnesses not to answer. Novex submits, however, that the identified order was a narrow ruling that Plaintiffs have misconstrued or misapplied to improperly direct witnesses not to answer.

On November 14, 2008, the Court conducted a conference where Patricia Maguire's deposition was discussed. This deposition was to relate to the method by which Plaintiffs determined that certain boxes were not original. Plaintiffs had previously objected to a discovery request seeking all such methods on the basis that it sought trade secrets. This Court instructed

Plaintiffs to respond to the request, but that they could maintain their objection to the extent that it related to information Plaintiffs do not intend to rely upon in proving that boxes in this case were or were not original. Upon the Court's order, Plaintiffs' counsel noted that "there are tests that she performed on the product that we're not relying on --." In response, the Court indicated that the deposition would not be open to "information that Johnson & Johnson is not going to be relying upon to prove its case." Attached as **Exhibit 1** is an excerpt from the transcript of the Civil Hearing of November 14, 2008.

Novex submits that this order was meant to indicate that questions at Ms. Maguire's deposition related to methods of evaluating specific product that Plaintiffs do not intend to rely upon at trial need not be answered. However, it does not allow Plaintiffs to object to <u>all</u> questions seeking to elicit information that Plaintiffs might consider trade secrets, regardless of their impact on liability or damages. Further, Plaintiffs cannot refuse to answer questions about how they <u>actually</u> determined that specific boxes were counterfeit, choosing instead to tell how they <u>theoretically could have</u> done so. Unless defendants know how specific boxes were judged to be counterfeit, they will not be able to challenge that determination.

Plaintiffs have repeatedly invoked this hearing in directing their witnesses not to respond to questions relating to alleged "trade secrets;" however, such directions have been used beyond questions relating to methods of concluding whether specific boxes were in counterfeit packages. Attached as **Exhibit 2 (filed under seal)** is a list of questions posed to witnesses and the directions by Plaintiffs' counsel not to answer. As noted therein, Novex believes that these directions were improper and beyond the scope of the Court's November 14, 2008 ruling. Thus, Novex submits that Plaintiffs have obstructed the depositions and have violated FRCP 30(c)(2) by directing their witnesses not to answer questions relating to facts regarding estoppel, acquiescence, unclean hands, laches, damages and the chain of custody of allegedly counterfeit goods, among others.

In light of the improper directions and the relevance of the information sought, Novex requests that this Court deny Plaintiffs the right to submit evidence related to the issues about which they directed their witnesses not to answer. In the alternative, Novex requests that Plaintiffs be required to re-produce these witnesses, at Plaintiffs' expense, to be probed regarding areas that are proper for discovery. Further, Novex requests this Court to advise Plaintiffs that the November 14, 2008 ruling permits Plaintiffs to direct their witnesses not to answer questions <u>only</u> relating to methods of evaluating counterfeit boxes upon which they do not intend to rely at trial. Defendants have a right to confront their accusers and the material that led Plaintiffs to conclude that boxes were in counterfeit packaging. Plaintiffs cannot obstruct defendants' rights by hiding behind Your Honor's Order, when such Order did not provide such rights.

2. <u>Discovery Related to Settlement Agreements</u>

This case includes defendants at various levels of the distribution process. Plaintiffs have sued Novex, and entities downstream and upstream from it in that chain, seeking to recover all their damages from each defendant. Thus, Plaintiffs' settlements with some defendants impact the liability of the remaining defendants and the amounts that Plaintiffs may be able to collect.

On January 22, 2010, Novex requested all settlement agreements, consent decrees, covenants not to sue, releases, or similar agreements entered into by Plaintiffs and defendants. (**Exhibit 3**). On February 22, 2010, Plaintiffs responded that production of settlement agreements is disfavored and that they are irrelevant to any claims or defenses. (**Exhibit 4**). On March, 3, 2010, Novex wrote to Plaintiffs, noting that these documents are relevant to liability

2708375.3

and monetary offsets that Novex is entitled to based on settlements entered into between Plaintiffs and other defendants. (**Exhibit 5**). Plaintiffs responded, arguing that production of this information is disfavored, will not lead to discoverable evidence, and, as the agreements might only be relevant to damages, they need not be produced until after trial. (**Exhibit 6**).

The "one satisfaction" rule provides that a non-settling defendant that is jointly liable for damages is entitled to a set-off of at least the amount of money paid by a settling defendant. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 599 (2d Cir. 1989) ("a plaintiff is entitled to only one satisfaction for each injury"); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, *10 (S.D.N.Y. 2009) (noting application of "one satisfaction" rule to counterfeiting). Additionally, a non-settling defendant may be entitled to a liability offset based on the percentage of responsibility of the released defendant. *See McDermott, Inc. v. Amclyde*, 511 U.S. 202, 213-14 (1994); *see also* N.Y. Gen. Oblig. L. § 15-108.

To the extent that Plaintiffs entered into settlement agreements with others in this matter with whom Novex is alleged to be jointly liable, the release of such parties impacts Novex's remaining liability (if any) and the amount of damages Plaintiffs may be able to collect. For example, Plaintiffs recently settled with CAMS and John Cornillie, the defendants that allegedly sold product to Novex. Per the Sixth Amended Complaint, Novex was CAMS's only purchaser, and CAMS was Novex's only supplier related to the 2008 transactions. As such, if Plaintiff relinquished their claims against CAMS, they likewise would have no claim for those damages against Novex. As Plaintiffs have repeatedly taken the position that Novex is jointly liable with those upstream and downstream from it in the chain of distribution, the settlement agreements entered into with those parties are plainly relevant to Plaintiffs' claims and Novex's defenses.

Further, Plaintiffs' March 15, 2010 letter essentially concedes that the sought information is relevant, but claims that production should be delayed until after trial, as it only relates to damages. Plaintiffs' argument that damages discovery should be delayed until after trial is belied by the fact that Plaintiffs have not requested a discovery schedule separating liability and damages. While the scope of discovery regarding damages remains open (Plaintiffs claim that general domestic pricing is not relevant and defendants claim that it is), Plaintiffs have not taken the position that <u>all</u> documents related to damages are restricted until after trial. Indeed, Plaintiffs have already produced damages discovery in the form of documentation showing the prices they claim to have charged foreign distributors. Plaintiffs should not be able to selectively determine what damages material to produce now and what they want to retain until after trial.

As the settlement agreements are relevant to liability, defenses and damages, Novex requests the Court order compliance with Novex's discovery requests, at least regarding settlements with those upstream and downstream from Novex. Not only is this production proper, but it would materially assist any discussions regarding an early resolution to this case.

Thank you in advance for your consideration of Novex's concerns regarding the above.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Adam R. Bialek

cc: Counsel of Record (via ECF)

2708375.3