UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
JOHNSON & JOHNSON AND LIFESCAN, INC.,                                 :     08-Civ-1297 (SLT)(SMG)
                                                                      :
                        Plaintiff,                                    :
                                                                      :
                - against -                                           :     **ORDER TO SHOW CAUSE**
                                                                      :
SOUTH POINTE WHOLESALE, INC., ET AL.,                                 :
                                                                      :
                        Defendants.                                   :
------------------------------------------------------------------------X

Upon the application of Lewis Brisbois Bisgaard & Smith, LLP, as counsel for defendants Edward Letko ("Letko") and American Healthcare, Inc. ("AHI"), and the declaration of Jura C. Zibas dated April 21, 2010, for an Order to Show Cause seeking immediate entry of an Order Staying Production by non-party Signature Bank to a subpoena served by plaintiffs Johnson & Johnson and Lifescan, Inc. ("J&J") upon Signature Bank on April 15, 2010 (the "Subpoena"), and the Court, having read and considered the Memorandum of Law in Support of the application for an Order to Show Cause, and good cause having been shown,

**IT IS** on this 21st day of April, 2010:

**ORDERED** that on this 21st day of April 2010, at 2:00 p.m., or as soon thereafter as counsel may be heard, defendants Letko and AHI shall show cause before the Honorable Steven M. Gold, Chief Magistrate Judge, at the United States Courthouse for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201, why an Order should be entered Staying Production by Signature Bank; and

**IT IS FURTHER ORDERED** that any opposition to the within application be made orally before this Court on April 21, 2010, at 2:00 p.m.

Dated:  New York, New York
       April 21, 2010

_____
The Honorable Steven M. Gold
United States Magistrate Judge

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                       :

JOHNSON & JOHNSON AND LIFESCAN, INC.,       :    08-Civ-1297 (SLT)(SMG)

                    Plaintiff,       :    **DECLARATION OF**
                                                            **JURA C. ZIBAS**

                    - against -     :

SOUTH POINTE WHOLESALE, INC., ET AL.,
                                                     :

                    Defendants.
------------------------------------------------------------------------ X

      **JURA C. ZIBAS, ESQ.**, declares the following under the penalties of perjury

pursuant to 28 U.S.C. § 1746:

      1.      I am a citizen of the United States and an attorney at law admitted to

practice in New York State.  I am counsel to Defendants Edward Letko and American

Healthcare, Inc. (collectively, "Defendants").

      2.      I submit this declaration in support of Defendants' Application for an

Order to Show Cause seeking immediate entry of an Order Staying Production by non-

party Signature Bank to a subpoena served by plaintiffs Johnson & Johnson and Lifescan,

Inc. ("J&J") upon Signature Bank on April 15, 2010 (the "Subpoena").  I have personal

knowledge of the facts set forth in this declaration and if called upon to testify, I could

and would testify competently thereto.  As set forth below there are good and sufficient

reasons for the entry of an Order to Show Cause in this matter.

      3.      Attached as Exhibit 1 is a true and correct copy of the Subpoena.

      4.      Signature Bank advised me that in response to the Subpoena which

requests "any accounts maintained by or for the benefit of . . . [AHI,] American Diabetic

Supply, Inc.[, and] Edward Letko" Signature Bank intends to produce on Friday, April 23, 2010 bank records for every account on which Mr. Letko is a signatory, including Mr. Letko's personal accounts and accounts held for entities that are not mentioned in the complaint and which compete with J&J, notwithstanding the pending motion to quash. Signature Bank further advised that it required a signed Court Order to prevent such disclosure on April 23, 2010.

5. As the Subpoena is overbroad given its broad temporal scope and the improper attempt to obtain personal financial information and confidential information about entities not mentioned in the complaint that compete with J&J, production by Signature Bank while the motion to quash is pending would prejudice Defendants.

I hereby declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2010.

Jura C. Zibas

Exhibit 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOHNSON & JOHNSON AND LIFESCAN, INC., | ) |
| v. | )     Civil Action No. 08-Civ-1297 (SLT) |
|  | ) |
| SOUTH POINTE WHOLESALE, INC., ET. AL., | )     (Pending in the Eastern District of New York) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     Signature Bank
565 29 W. 38th Street
New York, NY 10018

    **X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        See attached Schedule A

| Place: | Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Attn: Christos Yatrakis, Esq. | Date and Time:<br>April 26, 2010<br>9:30 a.m. |
|---|---|---|

    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    April 15, 2010

        *CLERK OF COURT*

                                     OR

_____            _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing LifeScan and Johnson & Johnson, who issues or requests this subpoena, are:
Christos Yatrakis, Patterson Belknap Webb & Tyler LLP, cyatrakis@pbwt.com, (212) 336-2519

3902936v.1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 08-Civ-1297 (SLT)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)*_____

_____ on *(date)* _____; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
rendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.


My fees are $_____ for travel and $_____ for services, for a total of $_____.


I declare under penalty of perjury that this information is true.

Date: _____         _____
                                              *Server's signature*

                               _____
                                              *Printed name and title*


                               _____
                                              *Server's address*

3902936v.1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

3902936v.1

## SCHEDULE A

### Documents Requested

All documents, whether in electronic or paper form, (including, without limitation, wire transfer records, account statements, copies of checks deposited, copies of checks drawn, account opening forms, account signature cards, account background information) for (1) **Account No. 1500580328, held by American Healthcare, Inc.**; (2) **Account No. 1500581421, held by American Diabetic Supply, Inc.**; (3) any accounts maintained by or for the benefit of the following persons and/or entities at your bank or financial institution:

1. American Healthcare, Inc.

2. American Diabetic Supply, Inc.

3. Edward Letko

3902926v.1

## Definitions and Instructions

1.      The definitions contained in Rule 26.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), including without limitation the definitions of the terms "communication," "document," "identify," "concerning" and "person," are incorporated by reference herein.

2.      The rules of construction contained in Rule 26.3(d) of the Local Rules, including without limitation the rules of construction with respect to the terms "all," "each," "and" and "or," are incorporated by reference herein.

3.      "You" or "Your" means Signature Bank, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants and all persons or entities acting or purporting to act on behalf or under the control of Signature Bank.

4.      If any document requested herein is not produced or is redacted by you by reason of a claim of privilege or other immunity from disclosure (including the work product doctrine), provide the information required by Rules 26.2(a)(1) and 26.2(a)(2)(A) of the Local Rules with respect to each such document.

5.      Identify every document responsive to this Subpoena that was at any time, but is not presently, in your possession, custody or control by stating: (i) type of document; (ii) author; (iii) recipient(s), including all recipients of carbon or blind copies; (iv) date; (v) subject matter; (vi) present location and custodian of the document and the present address and telephone number of the custodian; and (vii) if the document was lost or destroyed, the circumstances under which the document was lost or destroyed.

2

3902926v.1

6.      The documents called for by this Subpoena include all documents, wherever located, in your possession, custody or control, or in the possession, custody or control of any of your representatives, accountants, auditors, attorneys, consultants, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, members, general partners and limited partners.

7.      The document requests herein are limited to documents dated, created and/or that came into your possession, custody or control at any time during the period specified below.

8.      All documents should be produced as they are kept in the usual course of business.

9.      The document requests herein are continuing in nature, and to the extent that, at any time after the production of documents called for by this Subpoena, you become aware of or acquire additional documents responsive to this Subpoena, such documents shall be produced promptly.

10.     Each paragraph or subparagraph herein shall be construed independently and not by reference to any other paragraph or subparagraph herein for purposes of limitation.

3902926v.1

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                            :
JOHNSON & JOHNSON AND LIFESCAN, INC.,                       :          08-Civ-1297 (SLT)(SMG)
                                                            :
                    Plaintiff,                              :
                                                            :
                  - against -                               :
                                                            :
SOUTH POINTE WHOLESALE, INC., ET AL.,                      :
                                                            :
                    Defendants.                             X
-----------------------------------------------------------------------X

## ORDER TO STAY PRODUCTION

WHEREAS, defendants Edward Letko and American Heathcare, Inc. have moved to quash a subpoena served by plaintiffs Johnson & Johnson and Lifescan, Inc. on Signature Bank on April 15, 2010.

WHEREAS, counsel for Edward Letko and American Healthcare, Inc. understand that Signature Bank plans on producing documents and information pursuant to the aforementioned subpoena notwithstanding the pending motion to quash.

It is HEREBY ORDERED THAT:

Signature bank will stay any production of documents pursuant to the subpoena served by plaintiffs Johnson & Johnson and Lifescan, Inc. on April 15, 2010 until this Court resolves the pending motion to quash and determines, by subsequent order, that a stay of production is no longer warranted.

_____

SO ORDERED
Dated: April ___ , 2010
The Honorable Steven M. Gold
United States Magistrate Judge

Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                              :

JOHNSON & JOHNSON AND LIFESCAN, INC.,    :      08-Civ-1297 (SLT)(SMG)

                    Plaintiff,          :

               - against -        :

SOUTH POINTE WHOLESALE, INC., ET AL.,    :

               Defendants.
----------------------------------------------------------------------X

**EDWARD LETKO AND AMERICAN HEALTHCARE, INC.'S NOTICE OF
MOTION TO QUASH PLAINTIFF'S SUBPOENA**

       PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Edward Letko and American Healthcare, Inc.'s Motion to Quash Plaintiff's Subpoena, defendants Edward Letko and American Healthcare, Inc. will move this Court, before the Honorable Steven M. Gold, Chief Magistrate Judge, at the United States Courthouse for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be determined by the Court, for an order quashing plaintiff's subpoena to Signature Bank, served on April 15, 2010, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       April 21, 2010

                        LEWIS BRISBOIS BISGAARD & SMITH LLP

                        By:   _____
                            Jura C. Zibas, Esq.
                          *Attorneys for Defendants*
                          *Edward Letko and American Healthcare, Inc.*
                          199 Water Street, 25th Floor
                          New York, New York 10038
                          (212) 232-1300

Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
                                                            :
JOHNSON & JOHNSON AND LIFESCAN, INC.,                       :        08-Civ-1297 (SLT)(SMG)
                                                            :
                        Plaintiff,                          :
                                                            :
                   - against -                              :
                                                            :
SOUTH POINTE WHOLESALE, INC., ET AL.,                       :
                                                            :
                        Defendants.                         :
-------------------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF EDWARD LETKO AND AMERICAN HEALTHCARE, INC.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA AND APPLICATION FOR AN ORDER TO SHOW CAUSE TO STAY PRODUCTION

Defendants Edward Letko and American Healthcare, Inc. ("AHI"), by their counsel, submit this Memorandum of Law in support of their motion, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash a subpoena served by plaintiffs Johnson & Johnson and Lifescan, Inc. ("J&J") on non-party Signature Bank on April 15, 2010.[1] As we understand that Signature Bank is prepared to produce documents on Friday, April 23, 2010, unless there is a court order, Mr. Letko and AHI also seek and Order to Show Cause for immediate entry of stay of Signature Bank's production of documents pursuant to J&J's subpoena until this court rules on the motion to quash. An Order to Show Cause and proposed order to stay is attached.

---

[1] Under Rule 45, Mr. Letko and AHI have standing to raise objections to these subpoenas because "a party with a real interest in the documents has standing to raise objections to their production." Solow v. Conseco, Inc., No. 06-5988, 2008 WL 190340, at *3 (S.D.N.Y. 2008); see also Arias-Zeballos v. Tan, No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. 2007) (collecting cases).

4822-5917-5686.1

tangentially linked to the present litigation.  J&J demands banking information, unlimited by time or subject matter, regarding Mr. Letko, AHI, and non-party American Diabetic Supply, Inc. ("American Diabetic"), as well as any other accounts "maintained by" Mr. Letko or these entities.  In particular, J&J requests:

> "All documents, whether in electronic or paper form, (including, without limitation, wire transfer records, account statements, copies of checks deposited, copies of checks drawn, account opening forms, account signature cards, account background information) for . . . any accounts maintained by or for the benefit of the following persons and/or entities at your bank or financial institution:
>
> 1. American Healthcare, Inc.
>
> 2. American Diabetic Supply, Inc.
>
> 3. Edward Letko"

The absence of a time frame for J&J's request alone is sufficient to quash this subpoena, especially as J&J's Sixth Amended Complaint only makes allegations against AHI and Mr. Letko in March and April 2006.  But the subpoena is improper for several reasons besides its timeless scope.

First, J&J's request reaches all of Mr. Letko's personal bank accounts at Signature Bank, constituting a gross encroachment on Mr. Letko's privacy rights.  <u>See</u> <u>Arias-Zeballos</u>, No. 06 Civ. 1268, 2007 WL 210112, at *1 (noting the privacy interest in personal financial affairs).  J&J has no right or reason to investigate Mr. Letko's personal assets at this stage in the litigation.  Moreover, these extensive banking records go well beyond the three specific sales alleged to have occurred in March and April 2006 between AHI and NDC.

Second, J&J seeks banking information regarding American Diabetic, a company not mentioned in the complaint that competes with J&J in the sale of diabetic supplies.

There is no sound basis for requesting banking information for American Diabetic without limitation as to subject matter or time period.

Third, as mentioned above, Signature Bank has indicated to defense counsel that in response to J&J's "maintained by" language in the subpoena it plans to produce documents regarding AHI and American Diabetic, as well as any other accounts for which Mr. Letko is a signatory, including entities not mentioned in the complaint or the subpoena. Such documents, which will include account balances, wire transfer records, and copies of checks deposited or drawn, will give J&J access to confidential information about its direct competitors in the manufacture and sale of blood glucose monitoring systems. Specifically, the information the bank plans to produce would be sufficient for J&J to derive, among other things, competitors' customer lists and product pricing. J&J is not entitled to this information, which bears no relevance to J&J's very specific allegations in the complaint and the disclosure of which would violate Mr. Letko's privacy rights and irreparably harm entities competing with J&J. See Solow v. Conseco, Inc., No. 06-5988, 2008 WL 190340, at *3 (S.D.N.Y. 2008) (quashing the plaintiff's subpoena seeking a competitor's confidential financial information because the competitor's privacy interest in maintaining confidentiality outweighed plaintiff's interest in minimally relevant documents).

AHI and Mr. Letko respectfully request that the court stop J&J's abuse of the subpoena power and quash this subpoena.

## ARGUMENT

I.  **J&J'S SUBPOENA POSES AN UNDUE BURDEN IN LIGHT OF ITS OVERBREADTH, LACK OF SPECIFICITY, AND REQUEST FOR DOCUMENTS IRRELEVANT TO ANY CLAIMS OR DEFENSES**

J&J's subpoena to Signature Bank is overbroad on its face.  It seeks personal financial information unrelated to the litigation, bank records pertaining to non-parties not mentioned in any of the complaint's allegations, and is unrestricted as to time period and the types of documents requested.  Case law from this Circuit has held that such an overbroad subpoena presents an undue burden and should be quashed.

To be discoverable, information sought must be relevant to claims or defenses.  See Fed.R.Civ.P. 26(b)(1) & 45(c).  If it is not, and thereby poses an undue burden on the producing entity, it should be quashed.  "Whether a subpoena imposes upon a witness an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (citation omitted).

In Concord, the plaintiff sought ten years' worth of information from non-party Merrill Lynch about the defendant's financial operations and condition.  The court quashed the subpoena, noting that the subpoena failed to make any reasonable attempt to identify documents pertinent to the litigation, when Merrill Lynch provided banking services to the defendant completely unrelated to the litigation.   Under these circumstances, the court held that "[s]uch a fishing expedition will reel in material with little apparent or likely relevance to the subject matter at hand [and] comports with neither the letter nor the spirit of the federal civil discovery rules."  Id. at 51 (citation omitted).

The subpoena to Signature Bank in this matter is even broader than the subpoena in Concord.  Whereas the Concord subpoena enumerated 22 vague types of information

## PRELIMINARY STATEMENT

J&J's subpoena to Signature Bank is a clear attempt to harass Mr. Letko and a way to obtain not only his personal financial information, but confidential information about entities not mentioned in the complaint that compete with J&J. And, apparently the subpoena has had its desired effect, as Signature Bank has informed defense counsel that in response to J&J's request for "any accounts maintained by or for the benefit of . . . [AHI,] American Diabetic Supply, Inc.[, and] Edward Letko" it intends to produce bank records for every account on which Mr. Letko is a signatory, (see Declaration of Jura C. Zibas, dated April 21, 2010, attached) including Mr. Letko's personal accounts and accounts held for entities that are not mentioned in the complaint and which compete with J&J. Moreover, the subpoena is plainly overbroad, with *no time limit whatsoever*. The law is clear that such a subpoena should be quashed pursuant to Rule 45.

## BACKGROUND

In J&J's first five complaints in this action, AHI and Mr. Letko were not even mentioned. One year after initiating this lawsuit, in J&J's Sixth Amended Complaint, which includes 676 paragraphs and spans 116 pages, J&J named AHI and Mr. Letko as defendants for the first time. J&J added several paragraphs to its complaint alleging that on three occasions in a discrete period of time, March and April 2006, AHI purchased counterfeit diabetic test strips from a domestic distributor, National Distribution Corporation ("NDC"). NDC has since settled with J&J, and these three facts are the only specific allegations against AHI and Mr. Letko in the Sixth Amended Complaint.

Now, despite the limited scope of J&J's allegations against AHI and Mr. Letko, J&J has issued an expansive subpoena to Signature Bank seeking information not even

sought, J&J's subpoena to Signature Bank requests *all* documents for *any* accounts maintained by or for the benefit of AHI, American Diabetic, and Mr. Letko. As such, J&J's subpoena seeks unrestricted personal financial information, banking information from entities that compete with J&J not mentioned in the complaint, and information without regard to whether it has any relevance to this litigation. Moreover, while the Concord subpoena requested documents for 10 years—an unreasonable length of time— the subpoena to Signature bank has *no date restriction whatsoever.* As noted above, J&J's Sixth Amended Complaint only includes specific allegations against AHI for three days in March and April 2006. Under these circumstances, J&J's subpoena to Signature Bank falls within Rule 45(c)(3)(A)'s prohibition on subpoenas that subject a witness to "undue burden." See id. at 51; see also In re Biovail Corp. Sec. Litig., 247 F.R.D. 72, 75 (S.D.N.Y. 2007) (denying a motion to compel compliance with overly broad subpoenas unrestricted by date).

Similarly, in Catskill Development, L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 92 (S.D.N.Y. 2002), an action for tortious interference with contractual relations involving a defendant casino company's alleged bribery of an Indian tribe, the plaintiffs sought from a bank account records, "whether personal and/or commercial, opened and/or maintained by the [Indian tribe]." The plaintiffs argued that they hoped to find large bank deposits that would be evidence of a bribe. The court granted the Indian tribe's motion to quash the subpoena, finding that the plaintiffs' purported rationale was insufficient to enforce the subpoena, which was "nothing more than a fishing expedition." Id. at 93.

Likewise, in this case, the plaintiffs have no proper reason to seek all bank records maintained by Mr. Letko, AHI and American Diabetic, especially given the narrow and discrete allegations relating to Letko and AHI.  The court should therefore quash the subpoena.

II.     J&J'S SUBPOENA IMPROPERLY SEEKS INFORMATION THAT WILL ALLOW IT TO GAIN COMMERCIAL ADVANTAGE

J&J's subpoena seeks information that it could then use to damage its competitors, which manufacture and sell diabetic test strips that are completely unrelated to this litigation.  As such, J&J's subpoena runs afoul of protections afforded by Rule 45(c)(3)(B)(i), which prevents "disclosure of a trade secret or other confidential . . . commercial information."  See, e.g., Laborers Pension Trust Fund-Detroit and Vicinity v. CRS Poured Concrete Walls, Inc., 2006 WL 3804912 (E.D. Mich. 2006) (denying a motion to compel the production of a company's wage and payroll information to a competitor because on the basis of Rule 45(c)(3)(B)(i)).

American Diabetic, an entity specifically referenced in the subpoena but not in the complaint, is a competitor of J&J.  Moreover, by asking for any bank account information "maintained by" Mr. Letko, J&J's request extends to confidential information from not only American Diabetic, but also from other competitors with which Mr. Letko is involved, including information sufficient to identify customers, product pricing, and account balances.  Such confidential commercial information has no relevance to the present litigation, but great significance to Mr. Letko, AHI, and affected entities.

The information sought by J&J is precisely the type of confidential commercial information protected by Rule 45(c)(3)(B)(i).  Under these circumstances, where "the

subpoena is being used to secure some type of a competitive advantage," quashing the subpoena is appropriate.  9A Wright & Miller, Federal Practice and Procedure § 2463.1 (2008).

## CONCLUSION

For these reasons, this Court should quash the plaintiffs' subpoena on Signature Bank.  Based on our understanding that Signature Bank plans to produce documents notwithstanding this pending motion, the Court also should stay Signature Bank's production.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Jura C. Zibas, Esq.
Joanne J. Romero, Esq.
*Attorneys for Defendants*
*Edward Letko and American*
*Healthcare, Inc.*
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-1300