UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHNSON & JOHNSON AND LIFESCAN, INC.,

                Plaintiffs,

- against -

SOUTH POINTE WHOLESALE, INC., ET AL.,

                Defendants.
---------------------------------------------------------------x

08 Civ. 1297 (SLT) (SMG)

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc. ("LifeScan"), (together, "Plaintiffs") and Defendants Christopher Hattenbach, Stephen Herman, Jerrold Herman, Robert Botwinick, Med-Health Direct, Inc. d/b/a O.T.C. Distributors, Product Performance Company, Inc., and Prime International Products, Inc. and Howard Frank (collectively, the "MHD/PPC/PIP Defendants"), it hereby is ORDERED, ADJUDGED AND DECREED:

    1.    The MHD/PPC/PIP Defendants and their agents, servants, employees, affiliates, direct and indirect parents and subsidiaries, and all other persons in active concert and participation with them are permanently enjoined from:

        (a)    knowingly infringing or knowingly using in commerce any of the OneTouch Marks on any genuine, counterfeit or repackaged product, or any marks confusingly similar thereto, in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other

3979970v.2

use of OneTouch blood glucose test strips and meters (the "OneTouch Products"). The OneTouch Marks are defined collectively as LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos. 1,484,999; 2,710,143), ONE TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626); JOHNSON & JOHNSON (Reg. No. 0,648,450); or

(b)   affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being OneTouch blood glucose test strips and from offering such goods in commerce; or

(c)   holding itself out to be an Authorized Distributor of OneTouch Products; and

(d)   selling any OneTouch Products, whether those products are genuine, counterfeit or repackaged.

2.   Any claims that the MHD/PPC/PIP Defendants may have against any other individual or entity arising out of the MHD/PPC/PIP Defendants' purchase, distribution, advertising, offering for sale and sale in commerce of the products containing the OneTouch Marks are hereby assigned to Plaintiffs.

3.   Nothing contained in this Consent Judgment and Permanent Injunction is or shall be construed to constitute an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by the MHD/PPC/PIP Defendants. Further, it is expressly understood and acknowledged that the MHD/PPC/PIP Defendants maintain that they

2

did not know and had no reason to know that any of the OneTouch products that they purchased and thereafter sold were other than genuine, and the MHD/PPC/PIP Defendants maintain that they made reasonable efforts to ensure that the OneTouch products it purchased and resold were genuine.

4. In addition to other remedies, including damages, for contempt of this Consent Judgment and Permanent Injunction, in the event of breach or violation by the MHD/PPC/PIP Defendants, their agents, servants, employees, affiliates, direct or indirect parents or subsidiaries, or any other persons in active concert and participation with them of the terms of this Consent Judgment and Permanent Injunction, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Plaintiffs and the MHD/PPC/PIP Defendants each agree that jurisdiction and venue for such an action exist in this District Court, and the MHD/PPC/PIP Defendants waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

5. This Consent Judgment and Permanent Injunction is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against the MHD/PPC/PIP Defendants without costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Consent Judgment and Permanent Injunction or the settlement of this action with regard to the MHD/PPC/PIP Defendants. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

3979970v.2

6. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: May__, 2010

CONSENTED AND AGREED TO BY:

Date: _5/25/10_

CHRISTOPHER HATTENBACH

By: Christopher Hattenbach

STEPHEN HERMAN

Date: _May 21, 2010_

By: Stephen Herman

JERROLD HERMAN

Date: _May 21, 2010_

By: Jerrold Herman

ROBERT BOTWINICK

Date: _5/24/10_

By: Robert Botwinick

MED-HEALTH DIRECT, INC. D/B/A O.T.C. DISTRIBUTORS

Date: _5/25/10_

By: Christopher Hattenbach

PRODUCT PERFORMANCE COMPANY, INC.

Date: _May 21, 2010_

By: Stephen Herman
Secretary-Treasurer

4

3979970v.2

<table>
<tr><td>

_____


_____

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
    Geoffrey Potter
    gpotter@pbwt.com
    Christos Yatrakis
    cyatrakis@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Johnson & Johnson and LifeScan Inc.

</td><td>

PRIME INTERNATIONAL PRODUCTS INC.

_____
By: Howard Frank

HOWARD FRANK

_____
By: Howard Frank

GOODMAN & SAPERSTEIN

By: _____
    Stanley R. Goodman
    Gsesq600@aol.com
100 Garden City Plaza, Suite 412-B
Garden City, NY 11530
Telephone: 516 227-2100
Attorneys for Christopher Hattenbach, Stephen Herman, Jerrold Herman, Robert Botwinick, Med-Health Direct, Inc. d/b/a O.T.C. Distributors, and Product Performance Company, Inc.

</td></tr>
</table>

SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE