# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue   New York, NY 10022   212.308.4411   *fax* 212.308.4844   eapdlaw.com

Andre K. Cizmarik
212.912.2731
*fax* 888.325.9598
acizmarik@eapdlaw.com

June 28, 2010

**VIA ECF**

The Honorable Steven M. Gold
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York 11201

    Re:    Johnson & Johnson et al. v. South Pointe
            Wholesale, Inc., et al., 08 Civ. 1297 (SLT) (SMG)

Dear Judge Gold:

We represent defendant QK Healthcare, Inc. ("QKH"), and submit this letter motion pursuant to Fed.R.Civ.P. 26(b)(2)(a) and 33(a)(1) seeking leave of Court to serve additional interrogatories contained in QKH's Third Set of Interrogatories.[1]

On or about January 22, 2010, QKH served its First Set of Interrogatories containing 25 interrogatories. Plaintiffs refused to provide substantive responses to numerous of those interrogatories, or provided a non-responsive answer.[2] (Annexed collectively as **Exhibit A** hereto are QKH's First Set of Interrogatories and Plaintiff's Answers and Objections thereto.) Thereafter on or about April 13, 2010, QKH served its Second Set of Interrogatories with 2 additional interrogatories. Plaintiffs failed to timely answer the Second Set. After repeated requests for a response, Plaintiffs finally served untimely objections and a response on June 21, 2010. (Annexed as **Exhibit B** hereto are QKH's Second Set of Interrogatories and Plaintiff's Answers and Objections thereto.) In the meantime, because fact discovery is drawing to a close, on or about June 15, 2010, QKH served its Third Set of Interrogatories, totaling 12 in number. (See **Exhibit C** hereto.) By letter dated June 21, 2010, plaintiffs relied on Fed.R.Civ. P. 33(a)(1) and stated that they would not respond to the Third Set "unless ordered to so by the Court." (See **Exhibit D** hereto).

---

[1] The parties met and conferred by telephone on June 24, 2010, but plaintiffs stated that they would not answer QKH's Third Set of Interrogatories unless ordered to do so by the Court.
[2] We anticipate that plaintiffs' refusal to answer those interrogatories will be the subject of a future submission to the Court.

# EDWARDS ANGELL PALMER & DODGE LLP

The Honorable Steven M. Gold
June 28, 2010
Page 2

The additional 12 interrogatories fall into three general categories. Lifescan apparently has obtained several vials of test strips which it alleges are counterfeit-labeled. These vials appear to be located in Scotland and were obtained from customers who contacted Lifescan's consumer helpline and were instructed to return the vials and remaining test strips to Lifescan. Although Lifescan has not seized or recovered any counterfeit test strips or vials from QKH, Lifescan seeks to rely upon the alleged counterfeit vials as a basis to argue that the test strips bought and sold by QKH were presumably in counterfeit packaging because they bore the same lot number as the vials presently in Lifescan's custody. Thus, Interrogatories Nos. 1-8 are directed at establishing the quantity of such alleged counterfeit vials, issues relating to chain of custody, and issues relating to the genuine lot number that is associated with the alleged counterfeit vial. This is a fundamental element of plaintiffs' case-in-chief and defendants should not be precluded from discovering information on these subjects _especially_ where Lifescan's witnesses could not provide such specifics at their depositions.

Next, Interrogatories Nos. 9-10 relate to Lifescan's allegations that QKH made misrepresentations or omissions to its retail customers concerning its status as an Authorized Distributor of Lifescan. Interrogatory Nos. 9 and 10 merely ask Lifescan to state when, according to Lifescan, QKH became an Authorized Distributor and when QKH ceased being an Authorized Distributor.

Finally, Interrogatory No. 11 and 12 relates to ¶ 528 of the Sixth Amended Complaint in which Lifescan alleges that various retailers had policies whereby they would only purchase test strips from QKH based on written assurances that the test strips were purchased directly from Lifescan or from an Authorized Distributor. Lifescan seeks to rely on purported misrepresentations or omissions by QKH. Interrogatory No. 11 merely seeks the identity of those retail employees who plaintiffs allege advised QKH of the purported policies of the retailers and Interrogatory No. 12 seeks to have plaintiffs identify those retailers which it claim had such policies. Given that plaintiffs have made such allegations in the complaint, it can hardly be burdensome for plaintiffs to identify the facts underlying those allegations. Moreover, as various non-party depositions have not yet been completed, Lifescan's answers to these interrogatories would obviate the need to depose non-parties if Lifescan cannot identify them as having such a policy.

**EDWARDS ANGELL PALMER & DODGE LLP**

The Honorable Steven M. Gold
June 28, 2010
Page 3

For all of the above reasons, we respectfully request that QKH be granted leave *nunc pro tunc* to serve its Third Set of Interrogatories, and, given that the close of fact discovery is near, that plaintiffs' be ordered to answer them within 14 days of the date of the Court's decision on this motion.

Respectfully,

*[signature]*

André K. Cizmarik

Attachments

cc:   All counsel (via ECF and e-mail)

NYC 351912.1