# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

July 23, 2010

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

**BY ECF**
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Johnson & Johnson and LifeScan, Inc. v. South Pointe
Wholesale, et al., 08-CV-1297 (SLT) (SMG)</u>

Dear Judge Gold:

      We write on behalf of the plaintiffs, Johnson & Johnson and LifeScan, Inc. ("J&J"), in opposition to the motions of defendants QK Healthcare Inc. ("QK") and MSI Medical Supply Inc. ("MSI"), dated July 8 and July 19, 2010, respectively, to extend fact discovery for 120 days.

      As a threshold matter, J&J disputes QK's contention that "all parties agree that an extension of fact discovery is warranted." J&J, for its part, was fully prepared to comply with the August 1 deadline. But, as a courtesy, when the defendants requested an extension, J&J offered to consent a to 45 day adjournment of that deadline. As to the merits of the applications, QK and MSI simply fail to articulate a good faith basis for extending discovery an additional *four months*, particularly in light of the fact that this Court has already extended the deadline for fact discovery once

      QK cannot in good faith argue that its pending discovery motions provide a justification for the considerable extension it seeks. The discovery responses at issue in its (and the other defendants') pending motions were in most instances served months before the motions at issue. For example, QK served an untimely request for a 30(b)(6) witness on April 5, 2010 [Docket No. 557, Ex. A]. The next day, April 6, 2010, J&J respond with its objections and designations, putting QK on clear and unambiguous notice that it objected to the notice as untimely. [Docket No. 557, Ex. B] QK then waited two months, until June 9, to raise the issue with J&J [Docket No. 557, Ex. C] and still another month after that to raise the issue with the Court.

      For its part, QK has consistently delayed discovery and resolution of the parties' discovery disputes. For example, QK has repeatedly failed to reschedule third party depositions that it has canceled on short notice. On September 25, 2009, QK canceled the October 2, 2009 deposition of non-party, Duane Reade, and QK still has not rescheduled the deposition. Similarly, QK has canceled the Passaic Community Pharmacy deposition on several occasions. Most recently, QK contacted counsel on June 17, 2010 to cancel the Passaic Community Pharmacy deposition which

4093477v.1

was scheduled to take place the very next day. Over one month later, QK has yet to offer an alternative date for this deposition. QK has also waited until the eve of the close of fact discovery to object to J&J's discovery responses that were served on QK in February of this year. On June 28 and June 29, 2010, QK sent letters to J&J objecting to J&J's Response to QK's First Set of Interrogatories and J&J's Response to QK's Second Set of Document Requests (collective, the "Responses"). J&J served both of the responses on February 23, 2010. Furthermore, on June 15, 2010, QK served 12 additional interrogatories on J&J. There is no reason QK could not have served these requests earlier other than its desire to delay this proceeding.

QK's delay should not be rewarded. Given its track record, there is no reason to think that it will do anything other than continue to delay and propound additional unwarranted and irrelevant discovery requests in effort to prolong the inevitable – J&J's motion for partial summary judgment as to QK's liability.

As for MSI, J&J has responded to its voluminous discovery requests, including the production of publicly available court documents filed by J&J and certain defendants in foreign jurisdictions, which MSI could have obtained on its own. Further, while MSI complains that it has only been able to participate in discovery for *only one* year, the defendants have entered a joint defense agreement and have the benefit of each other's discovery and work-product conducted over the course of the last 28 months of discovery. To date, J&J has received voluminous discovery requests from the various defendants: 584 requests for documents (many with additional subparts), 251 interrogatories (many with additional subparts), and 136 requests for admission. There is thus no reason that the minimal third party discovery sought by MSI or any of the other defendants can not be completed in 45 days. Because of the religious holidays in September, the accompanying discovery schedule that we propose provides for an additional sixty days of fact discovery. (Attached hereto as Exhibit A is J&J's proposed discovery schedule).

Finally, J&J's proposal that expert discovery should follow dispositive motions is a pragmatic, efficient way to minimize the burden on all parties. The only expert discovery that has been proposed by any party in this case concerns damages – specifically, J&J's lost profits. J&J will not be moving for summary judgment on damages. J&J wants damages to be decided by a jury. However, J&J will be moving for partial summary judgment as to liability against the remaining defendants. Accordingly, the appropriate time for the remaining parties to undergo the considerable expense of damage expert discovery is after the Court has decided those motions.

Respectfully submitted,

/s/ Geoffrey Potter

4093477v.1

# EXHIBIT A

## Johnson & Johnson and LifeScan, Inc.
## v.
## South Pointe Wholesale Inc. et al.

## Proposed Discovery Schedule, July 23, 2010

| | |
|---|---|
| **September 30, 2010:** | Completion of All Fact Discovery |
| **December 20, 2010:** | Deadline for filing dispositive motions (subject to Judge Townes' rules regarding pre-motion conferences; to the extent they apply, pre-motion conference applications are due by November 1, 2010) |
| **February 1, 2011:** | Deadline for filing opposition papers |
| **March 1, 2011:** | Deadline for filing reply papers |
| **TBD** | Expert discovery after resolution of any dispositive motions |

4094465v.1