# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017   Tel: (212) 490-3000   Fax: (212) 490-3038

Albany ●Baltimore ●Boston ●Chicago ●Dallas ●Garden City ●Houston ●Las Vegas ●London ●Los Angeles ●McLean
Miami ●Newark ●New York ●Orlando ●Philadelphia ●San Diego ●San Francisco ●Stamford ●Washington, DC ●White Plains
Affiliates:  Berlin ●Cologne ●Frankfurt ●Mexico City ●Munich ●Paris

—

www.wilsonelser.com

July 26, 2010

**VIA ECF**

Honorable Chief Magistrate Judge Steven Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Johnson & Johnson, et al. v. South Pointe Wholesale, et al.*
             Case No.    :    08 Civ. 1297 (SLT)(SMG)
             Our File No.  :     11361.00001

Dear Magistrate Judge Gold:

      We write on behalf of Dennis Cantor and Novex America Inc. (collectively, "Novex") to propose an alternative agenda to the one submitted by Johnson & Johnson and LifeScan, Inc. ("Plaintiffs") for the discovery conference scheduled for today, July 26, 2010 at 2:00 PM.

      Although we agree with Plaintiffs that all of the letters listed in their proposed schedule should be addressed, we believe that there are overarching issues that arise under all of those letters, and it may be more efficient to address those issues on a broader level before delving into the specific disputes raised in the parties' submissions.

      While there are specific issues in these letters that must be addressed (i.e. the specific requests for the production of certain documents and the open depositions), there are several major issues that run through these letters that we propose be addressed together. To wit:

      1)    Discovery concerning the liability aspects of this case (including document discovery and depositions), including the plaintiffs' proof of liability and defendants' affirmative defenses, inclusive of unclean hands, waiver, estoppel and failure to mitigate damages;

      2)    Discovery concerning the damages aspects of this case (including both document discovery and depositions), involving the pricing and sales information; and,

      3)    The extension of the discovery schedule.

      We believe that the Court has letters from our firm, Mr. Cizmarik's firm, Ms. Zibas' firm and the plaintiffs' firm related to these issues.  If we can address these issues together, rather than address each letter which may address each of these issues, it may save time and provide a clearer picture for the Court.

June 26, 2010
Page 2

      Once these issues are discussed, we believe that the Court can then go through the letters in a more succinct fashion.

      We look forward to discussing this matter with you at the conference.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Adam R. Bialek

cc:    All Counsel

4073449.1