# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017   Tel: (212) 490-3000   Fax: (212) 490-3038

Albany ● Baltimore ● Boston ● Chicago ● Dallas ● Garden City ● Houston ● Las Vegas ● London ● Los Angeles ● McLean
Miami ● Newark ● New York ● Orlando ● Philadelphia ● San Diego ● San Francisco ● Stamford ● Washington, DC ● White Plains
Affiliates:  Berlin ● Cologne ● Frankfurt ● Mexico City ● Munich ● Paris

—

www.wilsonelser.com

August 3, 2010

**VIA ECF**

Honorable Chief Magistrate Judge Steven Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Johnson & Johnson, et al. v. South Pointe Wholesale, et al.*
             Case No.       :       08 Civ. 1297 (SLT)(SMG)
             Our File No.   :       11361.00001

Dear Magistrate Judge Gold:

      We write on behalf of Dennis Cantor and Novex America Inc. (collectively, "Novex") to, in accordance with Your Honor's instruction, detailing the remaining questions that Johnson & Johnson and LifeScan, Inc.'s ("Plaintiffs") witness, Bill Pretto, did not sufficiently answer, and to submit an agenda for the upcoming conference on August 5, 2010. Novex submits that the topic identified below are appropriate for Plaintiffs' 30(b)(6) witness, and were not fully answered by Mr. Pretto. A meet and confer was conducted after Plaintiffs' recent decision to re-open the deposition of Bill Pretto, but an agreement could not be reached as to which topics Plaintiffs would undertake to educate Mr. Pretto.

-*Mr. Pretto's Testimony*:

      As Your Honor is aware, Plaintiffs designated Bill Pretto to testify as to some categories of information in Novex's 30(b)(6) notice (**Exhibit A**, Novex's 30(b)(6) Notice, and **Exhibit B**, Plaintiffs' response thereto), and a dispute has arisen regarding the appropriateness of his testimony on these topics. Recently, Plaintiffs indicated a willingness to re-open Mr. Pretto's deposition due to Plaintiffs' failure to provide documents relating to rebates, despite repeated request, and the provision of inaccurate testimony regarding the existence of quantity based rebates on its U.S. retail packaged product (*See* **Exhibit C**, Plaintiffs' letter to the Court of July 27, 2010, filed under seal).

      Plaintiffs, however, have represented that they will only educate Mr. Pretto regarding rebates, refusing to educate him on topics noticed by Novex that Mr. Pretto could not previously answer, specifically, the use of IMS Health data by Plaintiffs. While Plaintiffs are now willing to open Mr. Pretto's testimony due to their failure to provide complete disclosure on rebates, they fail to address the other areas where his testimony was deficient.

August 3, 2010
Page 2

      Plaintiffs designated Mr. Pretto to testify as to Plaintiffs' use of IMS Health data. (**Exhibit A**, Novex's 30(b)(6) Topic 5); however, Mr. Pretto was not prepared to testify on this topic. In response to questions about IMS data, Mr. Pretto could not elaborate on how it is used or in what contexts it is used. (**Exhibit D**, Pretto Dep., 193:23-200:19). In response to the question of how LifeScan uses IMS health data, Mr. Pretto responded ███████ *Id.* Indeed, Mr. Pretto admitted that ████████████████████████████████████████████████████████████████████████████████████████. (**Exhibit D**, Pretto Dep., 200:13-19). Moreover, as can be seen through the recently produced Wholesaler Share Pricing Agreement (produced after a third-party distributor was subpoenaed disclosed it), ████████████████████████████████████████████████████. (*See* Amendment Two to **Exhibit E**, the Wholesaler Share Pricing Agreement). Thus, Novex submits that Mr. Pretto was not adequately prepared to testify as to Plaintiffs' use of IMS data, and Plaintiffs should be required to educate him prior to the continuation of his deposition, and allow questions in this area to proceed.

-*Agenda for Conference*:

      In addition to the above-discussed issue, Novex proposes the discussion of the following outstanding issues at the upcoming conference:

- Novex's outstanding deposition notices;

- Which parties will bear the cost of the upcoming Kroll deposition;

- Plaintiffs' provision of discovery regarding Wolf Medical; and,

- The extension of the discovery schedule.

      We look forward to discussing these issues with Your Honor at the upcoming conference.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Adam R. Bialek

cc:    All Counsel

4085020.3