UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
————————————————————X

JOHNSON & JOHNSON AND LIFESCAN, INC.,

                Plaintiffs,

   -against-

SOUTHPOINTE WHOLESALE, INC. ET AL.,

                Defendants.

————————————————————X

08 Civ. 1297 (SLT) (SMG)

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

       On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc. ("LifeScan"), (together, "Plaintiffs") and Defendants H&H Wholesale Services, Inc. and Howard Goldman, (collectively, the "H&H Defendants"), it is hereby ORDERED, ADJUDGED AND DECREED:

       1.     The H&H Defendants, and their agents, servants, employees, parents, subsidiaries and other persons in active concert and participation with them who aid and abet the H&H Defendants in violating this Consent Judgment, are permanently enjoined from buying, selling or using in commerce in any way any counterfeit or re-packaged products bearing any of the OneTouch Marks. The OneTouch Marks are defined collectively as LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos. 1,484,999; 2,710,143), ONE TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626) and, JOHNSON & JOHNSON (Reg. No. 0,648,450).

       2.     The H&H Defendants, and their agents, servants, employees, parents, subsidiaries and other persons in active concert and participation with them who aid and abet the H&H Defendants in violating this Consent Judgment, are permanently enjoined from buying, selling or using in commerce in any way blood glucose test strips with the OneTouch Marks that are contained in packaging that states "Not For Sale In the U.S."; or are contained in packaging that bears the "CE" mark; or are contained in packaging on which the primary language is not English; or are covered with one or more stickers that are not price tags and were not applied by the Plaintiffs.

       3.     The H&H Defendants, and their agents, servants, employees, parents, subsidiaries and other persons in active concert and participation with them who aid and abet the H&H Defendants in violating this Consent Judgment, are permanently enjoined from buying, selling or using in commerce in any way OneTouch Ultra brand blood glucose test strips other than those that have a blue colored logo on them as depicted in the following photograph:



Nothing in paragraphs 2 or 3 shall restrict the H&H Defendants or others from buying, selling or using in commerce any test strips that are marketed or sold by Plaintiffs for use in the United States. After December 31, 2015 all purchases and sales are to be exclusively governed by paragraphs 1, 4 and 6 of this Consent Judgment.

4. Except as specified in paragraph 6 below, effective December 31, 2015, the H&H Defendants, and their agents, servants, employees, parents, subsidiaries and other persons in active concert and participation with them who aid and abet the H&H Defendants in violating this Consent Judgment, are permanently enjoined from:

(a) using in commerce any of the OneTouch Marks on any product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of OneTouch blood glucose test strips and meters (the "OneTouch Products"), except as provided for in paragraph 6 of this Consent Judgment.

(b) affixing, applying, annexing, or using in connection with the sale of any goods, a false description or false representation including words or other symbols that falsely describe or falsely represent such goods as being the OneTouch Products and from offering such goods in commerce;

(c) buying, selling, or otherwise using in commerce any authentic products bearing the OneTouch Marks, except as provided for in paragraph 6 of this Consent Judgment.

5. Beginning January 1, 2016, the H&H Defendants and their parent companies and subsidiaries shall maintain complete records of their purchases and sales of all products bearing OneTouch Marks for a period of four years and the Plaintiffs' shall have the right, upon at least Thirty (30) days prior written notice, to have an independent third party certified public accounting firm audit those records of said purchases and sales that take place following December 31, 2015, no more than once per twelve (12) months and the audit and information obtained thereby shall remain confidential and not be disclosed to any party or any of Plaintiffs' employees, unless the auditor believes in good faith (after due inquiry and consultation with H&H Defendants) that this Consent Judgment has been or may have been violated whereupon disclosure to Plaintiff's employees shall be permitted but only after ten (10) days prior written notice to the H&H Defendants. Said auditor shall not have the right to copy or maintain any records of the H&H Defendants unless the auditors believe that those records may show a violation of this Consent Judgment. The auditors shall agree in writing to the provisions of this paragraph prior to any audit.

6. Nothing in this Consent Judgment shall prevent the H&H Defendants, and their agents, servants, employees, parents, subsidiaries and other persons in active concert and participation with them who aid and abet the H&H Defendants in violating this Consent Judgment from purchasing, offering, selling, distributing, advertising and using in commerce OneTouch Ultra or OneTouch Verio blood glucose test strips with the NDC numbers 53885027025, 53885027150, 53885027210, 53885099425, 53885024450 and 53885024510 (the "Permitted Test Strips") as long as those test strips are purchased exclusively from McKesson Corporation and/or Amerisource Bergen so long as those entities continue to be authorized distributors of blood glucose test bearing the OneTouch Marks. If Plaintiffs in the future produce comparable replacement or successor test strips to the Permitted Test Strips, the H&H Defendants may seek in writing approval

to purchase those new test strips and Plaintiffs shall timely provide their written approval to the H&H Defendants to purchase those products. If McKesson Corporation or Amerisource Bergen cease being authorized distributors of Plaintiffs' products, the H&H Defendants may seek in writing and Plaintiffs shall timely provide their written approval for the H&H Defendants to purchase from a comparable authorized distributor or distributors.

7. The H&H Defendants may not invest in, control or own any business that violates paragraphs 1, 2, 3 or 4, above. However, the H&H Defendants may own less than 5% of any public corporation.

8. If the H&H Defendants are found by the court to have violated the prohibitions contained in Paragraph 1, 2, 3 or 4 of this Order and have failed to maintain complete records of their violations, the liquidated damages will be $500,000 in total for all violations that occurred before the H&H Defendants are sued for breaching this order. Alternatively, Plaintiffs are entitled, at their election, to damages of $150 per box of product that the H&H Defendants sell (or have sold on their behalf by their agents, servants, employees, subsidiaries and all other persons in active concert and participation with them who aid and abet H&H Defendants in violating this Order) that violates this Consent Judgment; or to Plaintiffs' actual damages, statutory and/or punitive damages. Regardless of which measure of damages Plaintiffs select, they shall be entitled to collect their attorneys' fees and investigator fees for finding and demonstrating that the H&H Defendants have violated this Order and otherwise incurred in connection with obtaining, enforcing and collecting an award of damages. All of the liability will be joint and several among the H&H Defendants, however, Howard Goldman shall only be personally liable for H&H Wholesale Services, Inc.'s actions when those actions occurred during a period of time that Howard Goldman had an ownership interest in H&H or controlled H&H. Notwithstanding the foregoing, the above-stated $500,000 liquidated damages shall not apply where the H&H Defendants prove by clear and convincing evidence that the violations were (i) immaterial and (ii) not knowing violations.

9. The H&H Defendants shall make payment totaling two million dollars ($2,000,000) to Plaintiffs via wire transfer to the escrow account of their attorneys, Patterson Belknap Webb & Tyler LLP, in accordance with the following payment Schedule:

(a) $1,250,000 on January 2, 2015;

(b) $125,000 no later than June 1, 2015;

(c) $125,000 no later than December 15, 2015;

(d) $125,000 no later than June 1, 2016;

(e) $125,000 no later than December 15, 2016;

(f) $125,000 no later than June 1, 2017; and

(g) $125,000 no later than December 15, 2017.

10. The payments described in paragraph 9 above shall be backed by a Letter of Credit in the amount of the total unpaid payments due at any time and shall be issued by an FDIC-insured bank in the United States.

11. Plaintiffs and their respective successors, assigns, parents, subsidiaries, agents, attorneys, servants, officers, directors, employees, heirs, executors and representatives are released and forever discharged from any and all known and unknown claims, demands, and causes of action of any nature whatsoever, on account of or in any way arising out of (i) the subject matter of the Sixth Amended Complaint or the action before the court (or any pleadings, discovery, facts or circumstances relating thereto) ), (ii) any One Touch Products, One Touch Marks and any other LifeScan test strips or diabetic products (including, without limitation, any manufacture, sale, offer for sale, purchase, distribution, advertisement or use of the foregoing), and/or (iii) the complaint (and facts and allegations described therein) filed by Plaintiffs in the U.S. District Court for the District of Massachusetts (Civil No. 14-CV-10346) ("2014 Litigation").

(a) The H&H Defendants, their respective successors, assigns, parents, subsidiaries, agents, attorneys, servants, officers, directors, employees, heirs, executors, insurers and representatives (collectively "H&H Parties"), are released and forever discharged from any and all known and unknown claims, demands, and causes of action of any nature whatsoever, on account of or in any way arising out of (i) the subject matter of the Sixth Amended Complaint or action before the court (or any pleadings, discovery, facts or circumstances relating thereto), (ii) any One Touch Products, One Touch Marks and any other LifeScan test strips or diabetic products (including, without limitation, any manufacture, sale, offer for sale, purchase, distribution, advertisement or use of the foregoing by the H&H Parties), and/or (iii) the complaint (and facts and allegations described therein) filed in the 2014 Litigation. However, nothing in this Consent Judgment limits Plaintiffs' right to pursue any and all claims against the H&H Defendants that arise after the date of this Consent Judgment nor does this Consent Judgment in any way condone any of the H&H Defendants' current conduct or business practices. In consideration for the agreements and obligations of the H&H Defendants contained in this Consent Judgment, the Plaintiffs shall dismiss the 2014 Litigation, with prejudice and without costs or attorney fees.

12. In addition to other remedies, including damages, for contempt of this Consent Judgment, in the event of breach or violation by the H&H Defendants, and their agents, servants, employees, subsidiaries and other persons in active concert and participation with them who aid and abet the H&H Defendants in violating this Consent Judgment, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred.

13. Plaintiffs and the H&H Defendants each agree that jurisdiction and venue for an action for contempt of this Consent Judgment exists in this District Court, and the H&H Defendants waive any and all defenses based on personal jurisdiction, subject matter jurisdiction, and venue.

14. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against the H&H

Defendants without costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Consent Judgment with regard to the H&H Defendants. Plaintiffs, in addition to any award of damages or injunctive relief, shall be entitled to an award of attorneys' fees in connection with the H&H Defendants' violation of this order.

15. The H&H Defendants hereby state that they have agreed to this Consent Judgment solely to avoid further litigation and that nothing in this Consent Judgment shall constitute an admission, express or implied, by the H&H Defendants of or with respect to any improper or illegal acts, wrongdoing, claims or liability whatsoever, whether asserted in the action, the 2014 Litigation or otherwise, and the H&H Defendants expressly deny all of same.

16. Signatures transmitted electronically or by facsimile shall be deemed original.

{Signatures on following page.}

Dated: November __, 2014

CONSENTED AND AGREED TO BY:

H&H WHOLESALE SERVICES, INC.

By: Howard Goldman

HOWARD GOLDMAN

By: Howard Goldman

PATTERSON BELKNAP WEBB & TYLER LLP     GOODMAN & SAPERSTEIN

By: _____              By: _____
Geoffrey Potter                          Stanley R. Goodman
gpotter@pbwt.com                         Gsesq600@aol.com
Christos Yatrakis                        100 Garden City Plaza, Suite 412-B
cyatrakis@pbwt.com                       Garden City, NY 11530
1133 Avenue of the Americas              (516) 227-2100
New York, New York 10036
(212) 336-2000

Attorneys for Johnson & Johnson and LifeScan Inc.  Attorneys for Defendants H&H Wholesale Services Inc., and Howard Goldman

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2014

CONSENTED AND AGREED TO BY:

H&H WHOLESALE SERVICES, INC.

By: Howard Goldman

HOWARD GOLDMAN

By: Howard Goldman

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
Geoffrey Potter
gpotter@pbwt.com
Christos Yatrakis
cyatrakis@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Johnson & Johnson and LifeScan Inc.

GOODMAN & SAPERSTEIN

By: _____
Stanley R. Goodman
Gsesq600@aol.com
100 Garden City Plaza, Suite 412-B
Garden City, NY 11530
(516) 227-2100

Attorneys for Defendants H&H Wholesale Services Inc., and Howard Goldman

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE