UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------x

JOHNSON & JOHNSON AND LIFESCAN, INC.,

     Plaintiffs,

  - against -

SOUTH POINTE WHOLESALE, INC., ET AL.,

     Defendants.

------------------------------------------------x

08 Civ. 1297 (SLT) (SMG)

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc. ("LifeScan"), (together, "Plaintiffs") and Defendants MSI Medical Supply, Inc. and Michael Barba (collectively, the "MSI Defendants"), it hereby is ORDERED, ADJUDGED AND DECREED:

  1. The MSI Defendants and their agents, servants, employees, affiliates, subsidiaries, and all other persons in active concert and participation with them are permanently enjoined from:

    (a) using in commerce any of the OneTouch Marks on any counterfeit or repackaged product in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of OneTouch blood glucose test strips and meters (the "OneTouch Products"). The OneTouch Marks are defined collectively as LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos. 1,484,999; 2,710,143), ONE TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626); and JOHNSON & JOHNSON (Reg. No. 0,648,450);

1

(b)      affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being OneTouch blood glucose test strips and from offering such goods in commerce;

(c)      buying, selling, or otherwise using in commerce any blood glucose test strip intended for use in any blood glucose meter bearing the OneTouch Marks unless the MSI Defendants are made an authorized distributor by Plaintiffs or the Plaintiffs' successors, assigns or agents and the MSI Defendants purchase directly from the Plaintiffs or the Plaintiffs' successors, assigns or agents; and

(d)      buying, selling, or otherwise using in commerce any genuine products bearing the OneTouch Marks unless the MSI Defendants are made an authorized distributor by Plaintiffs or the Plaintiffs' successors, assigns or agents and the MSI Defendants purchase directly from the Plaintiffs or the Plaintiffs' successors, assigns or agents.

2.      Plaintiffs or Plaintiffs' successors, assigns or agents have no obligation whatsoever at any time to make the MSI Defendants or any one of them an authorized distributor.

3.      Any claims that the MSI Defendants may have against any other individual or entity arising out of the MSI Defendants' purchase, distribution, advertising, offering for sale and sale in commerce of the products containing the OneTouch Marks are hereby assigned to Plaintiffs.

4.      Nothing contained in this Consent Judgment and Permanent Injunction is or shall be construed to constitute an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability by the MSI Defendants.   Further, it is expressly

2

6318923v.1

understood and acknowledged that the MSI Defendants maintain that they did not know and had no reason to know that any of the OneTouch products that they purchased and thereafter sold were other than genuine, and the MSI Defendants maintain that they made reasonable efforts to ensure that the OneTouch products they purchased and resold were genuine.

      5.     In addition to other remedies, including damages, for contempt of this Consent Judgment, in the event of breach or violation by the MSI Defendants, their agents, servants, employees, affiliates, subsidiaries, or any other persons in active concert and participation with them of the terms of this Consent Judgment, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. Plaintiffs and the MSI Defendants each agree that jurisdiction and venue for such an action exist in this District Court, and the MSI Defendants waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

      6.     This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against the MSI Defendants without costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to the MSI Defendants. A prevailing party, in addition to any award of damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

      7.     Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: September __, 2014

6318923v.1

3

CONSENTED AND AGREED TO BY:

MSI MEDICAL SUPPLY, INC.

By: Michael Barba

MICHAEL BARBA

By: Michael Barba

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
    Geoffrey Potter
    gpotter@pbwt.com
    Christos Yatrakis
    cyatrakis@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Johnson & Johnson and LifeScan
Inc.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
    Jura C. Zibas
    jura.zibas@wilsonelser.com
150 E 42nd Street
New York, NY 10017
(212) 915-5756

Attorneys for Defendants MSI Medical
Supply, Inc.

SO ORDERED: *November 25, 2014*

/s/ Sandra L. Townes
_____
UNITED STATES DISTRICT JUDGE

6318923v.1