UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOHNSON & JOHNSON AND LIFESCAN, INC.,

                Plaintiffs,

-against-

SOUTHPOINTE WHOLESALE, INC. ET AL.,

                Defendants.
---------------------------------------------------------------X

No. 1:08-cv-01297-MKB-SMG

**ORDER, CONSENT JUDGMENT AND PERMANENT INJUNCTION**

On consent of Plaintiffs Johnson & Johnson and LifeScan, Inc. ("LifeScan"), (together, "Plaintiffs") and Defendants Novex America, Inc. and Dennis Cantor (collectively, the "Novex Defendants"), it is hereby FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED:

    1. The Novex Defendants, and their agents, servants, employees, parents, subsidiaries and any other persons in active concert or participation with them who aid and abet the Novex Defendants in violating this Order, are permanently enjoined from buying, selling or using in commerce in any way any authentic, counterfeit or re-packaged products bearing any of the OneTouch Marks. The OneTouch Marks are defined collectively as LIFESCAN (Reg. No. 1,384,863), ONETOUCH (Reg. Nos. 3,039,103; 2,863,393), ONE TOUCH (Reg. Nos. 1,484,999; 2,710,143), ONE TOUCH ULTRA (Reg. No. 2,538,658), INDUO (Reg. No. 2,652,567), ULTRASMART (Reg. No. 2,730,626) and, JOHNSON & JOHNSON (Reg. No. 0,648,450).

    2. The Novex Defendants may not knowingly invest in, control or own any business that violates paragraphs 1 above. However, the Novex Defendants may own less than 5% of any corporation. Nothing in this Order prohibits the Novex Defendants from selling any product that is (1) not manufactured by, or on behalf of, LifeScan and (2) does not infringe any of the OneTouch Marks. For example, by way of illustration, nothing herein shall prevent Defendants from selling a product not manufactured by, or on behalf of, LifeScan, where the packaging makes a nominal fair use of the OneTouch Marks by referring to the fact that a test strip can be used with a OneTouch meter.

    3. If the Novex Defendants are found by the court to have violated the prohibitions contained in Paragraph 1 or 2 of this Order, the liquidated damages will be $250,000 in total for all violations that occurred before the Novex Defendants are sued for breaching this Order. Alternatively, Plaintiffs are entitled, at their election, to Plaintiffs' actual damages, statutory and/or punitive damages. Regardless of which measure of damages Plaintiffs select, they shall be entitled to collect their reasonable attorneys' fees and investigator fees for finding and demonstrating that the Novex Defendants have violated this Order and otherwise incurred in connection with obtaining, enforcing and collecting an award of damages.

1

4.  Pursuant to an April 14, 2008 order (*see* Dkt. No. 15), the Novex Defendants deposited one million U.S. dollars ($1,000,000.00) into an escrow account ("Escrow Account") maintained by the Law Offices of Barry Boren (in its capacity as escrow agent only and in no other capacity, the "Escrow Agent"). The Escrow Account is a valid escrow under applicable law and, among other things, and pursuant to the April 14, 2008 Order, caused the Novex Defendants to be divested of a property interest in the escrowed funds on the date that the funds were deposited into the Escrow Account.

5.  No later than Seven (7) days after this Order is signed by the Court, the Escrow Agent shall release the funds from the Escrow Account as follows:

FIRST, the Escrow Agent shall transfer SEVEN HUNDRED AND FIFTY THOUSAND U.S. DOLLARS to Plaintiffs by wire transfer to the Patterson Belknap Webb & Tyler LLP Attorney Trust Account-IOLA, Citibank, N.A., Private Banking Division, 666 Fifth Avenue, New York, NY 10103, ABA Routing No.: 021000089;

SECOND, the Escrow Agent shall deliver any amount remaining in the Escrow Account, after making the payment described in the immediately preceding provision, to the Novex Defendants by wire transfer to the Wison Elser WEMED Escrow 3 account, HSBC, 452 Fifth Avenue, New York, NY 10017, ABA Routing No.: 021001088.

Plaintiff shall notify the Escrow Agent accordingly.

6.  Notwithstanding anything herein to the contrary, if any of the Novex Defendants (or an entity acting in a derivative or representative capacity on such Novex Defendant's behalf, including any trustee under Title 11 of the U.S. Code or a person or entity exercising the powers of such a trustee) rejects or invalidates this Order or recovers or avoids (including by way of offset) all or any portion of the payment described in Paragraph 5 of this Order, then: (a) the release of the Novex Defendants described in Paragraph 9 of this Order shall be completely and automatically null and void, and any claims which Plaintiffs may assert in any court or tribunal arising out of the transactions and/or occurrences that formed the basis of this action, and which were or could have been asserted by Plaintiffs at the time this action was commenced or thereafter arise from such claims, shall be fully and immediately restored to existence ("Restored Claims"); and (b) the Restored Claims shall be deemed timely when they are asserted, regardless of the applicable statute of limitations. This Order shall remain in full force and effect and continue to be effective notwithstanding that any Novex Defendant becomes the subject of any bankruptcy or insolvency proceeding.

7.  Plaintiffs and their respective successors, assigns, parents, subsidiaries, agents, attorneys, servants, officers, directors, employees, heirs, executors and representatives are released and forever discharged from any and all known and unknown claims, demands, and causes of action of any nature whatsoever, on account of or in any way arising out of the subject matter of the Sixth Amended Complaint or the action before the Court (or any pleadings, discovery, facts or circumstances relating thereto) or that could have been brought in the action up to the date of this release.

8. Except as set forth in Paragraph 6 above, the Novex Defendants, their respective successors, assigns, parents, subsidiaries, agents, attorneys, servants, officers, directors, employees, heirs, executors, insurers and representatives (collectively "Novex Parties"), are released and forever discharged from any and all known and unknown claims, demands, and causes of action of any nature whatsoever, on account of or in any way arising out of the subject matter of the Sixth Amended Complaint or action before the Court (or any pleadings, discovery, facts or circumstances relating thereto) or that could have been brought in the action up to the date of this release.

9. In addition to other remedies, including damages, for contempt of this Order, in the event of breach or violation by the Novex Defendants, and their agents, servants, employees, subsidiaries and other persons in active concert and participation with them who aid and abet the Novex Defendants in violating this Order, Plaintiffs are entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred.

10. Plaintiffs and the Novex Defendants each agree that jurisdiction and venue for an action for contempt of this Order exists in this Court, and the Novex Defendants waive any and all defenses based on personal jurisdiction, subject matter jurisdiction, and venue.

11. This Order is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed, with prejudice, only against the Novex Defendants without costs or attorney's fees, save that this Court shall retain jurisdiction over this action, including, without limitation, over implementation of, or disputes arising out of, this Order with regard to the Novex Defendants. The prevailing party shall be entitled to an award of attorneys' fees in connection with the Novex Defendants' alleged violation of this Order.

12. The Novex Defendants hereby state that they have agreed to this Order solely to avoid further litigation and that nothing in this Order shall constitute an admission, express or implied, by the Novex Defendants of or with respect to any improper or illegal acts, wrongdoing, claims or liability whatsoever asserted in this action or otherwise, and the Novex Defendants expressly deny all of same.

13. Signatures transmitted electronically or by facsimile shall be deemed original.

{Signatures on following page.}

Dated: March 15, 2019

CONSENTED AND AGREED TO BY:

JOHNSON & JOHNSON CORP.

By: _____

LIFESCAN, INC.

By: *[signed]* John de Grand PhD
         SVP + General Counsel

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
         Geoffrey Potter
         gpotter@pbwt.com
         1133 Avenue of the Americas
         New York, New York 10036
         (212) 336-2000

*Attorneys for Plaintiffs*
*Johnson & Johnson and LifeScan Inc.*

NOVEX AMERICA, INC.

By: *[signed]* Dennis Cantor

DENNIS CANTOR

By: *[signed]* Dennis Cantor

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
         Adam R. Bialek
         adam.bialek@wilsonelser.com
         150 East 42nd Street
         New York, NY 10017
         (212) 915-5143

*Attorneys for Defendants*
*Novex America, Inc. and Dennis Cantor*

SO ORDERED:

_____
HON. MARGO K. BRODIE, U.S.D.J.

4

Dated: March 15, 2019

CONSENTED AND AGREED TO BY:

JOHNSON & JOHNSON CORP.

By: *Marc Larkins*
    *Senior Counsel*

LIFESCAN, INC.

By: *John de Groot*
    *SVP + General Counsel*

PATTERSON BELKNAP WEBB & TYLER LLP

By: *Geoffrey Potter*
Geoffrey Potter
gpotter@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Plaintiffs*
*Johnson & Johnson and LifeScan Inc.*

NOVEX AMERICA, INC.

By: Dennis Cantor

DENNIS CANTOR

By: Dennis Cantor

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
    Adam R. Bialek
    adam.bialek@wilsonelser.com
150 East 42nd Street
New York, NY 10017
(212) 915-5143

*Attorneys for Defendants*
*Novex America, Inc. and Dennis Cantor*

SO ORDERED:

_____
HON. MARGO K. BRODIE, U.S.D.J.

4

Dated: March 15, 2019

CONSENTED AND AGREED TO BY:

| JOHNSON & JOHNSON CORP. | NOVEX AMERICA, INC. |
|---|---|
| By: | By: Dennis Cantor |
| LIFESCAN, INC. | DENNIS CANTOR |
| By: John de Grandpre, SVP + General Counsel | By: Dennis Cantor |
| PATTERSON BELKNAP WEBB & TYLER LLP | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP |
| By: Geoffrey Potter<br>gpotter@pbwt.com<br>1133 Avenue of the Americas<br>New York, New York 10036<br>(212) 336-2000 | Adam R. Bialek<br>adam.bialek@wilsonelser.com<br>150 East 42nd Street<br>New York, NY 10017<br>(212) 915-5143 |
| *Attorneys for Plaintiffs*<br>*Johnson & Johnson and LifeScan Inc.* | *Attorneys for Defendants*<br>*Novex America, Inc. and Dennis Cantor* |

SO ORDERED:

_____
HON. MARGO K. BRODIE, U.S.D.J.

9696725v.1